IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRETT STALLINGS,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 12-CV-643-DRH |
| **JAMES CROSS, Jr.,** | ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for threshold review of petitioner Brett Stallings' habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner is currently housed at FCI Greenville serving a sentence of 188 months. He was found guilty after a jury trial of being a felon in possession of a firearm. The Court determined, at the time of sentencing, that defendant qualified as an armed career criminal, which led to his lengthy sentence, see, Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). His conviction was affirmed on direct appeal, *United States v. Stallings*, 160 Fed. Appx. 478 (7th Cir. 2005). Petitioner previously filed a habeas petition under 28 U.S.C. § 2255, *Stallings v. United States,* 06-136-WDS. In that petition he raised several claims, including that his counsel was deficient for failing to raise the issue that the defendant should not have been sentenced as an armed career criminal. The district court dismissed that habeas petition and he filed a notice of appeal. As part of that appeal, he attempted to raise the claim that his prior burglary

conviction was not a "violent felony" under the ACCA.[1] He now, through the vehicle of 28 U.S.C. § 2241, challenges the constitutionality of his confinement, asserting that he is actually innocent of being a career offender, because his burglary offense was dismissed, and therefore, the enhancement should not have been applied.[2]

It is well settled that a habeas action under § 2241 is not a manner of avoiding limitations placed upon a petitioner under § 2255. Review under § 2241 is extremely limited:

> In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255. Furthermore, in the overwhelming majority of cases § 2255 specifically prohibits prisoners from circumventing § 2255 and challenging their convictions or sentences through a habeas petition under § 2241. There is, however, a recognition in the statute that it will not apply in a narrow class of cases. This is the so-called "savings clause" of § 2255, which allows prisoners to bring § 2241 petitions if they can show that the § 2255 remedy "is inadequate or ineffective to test the legality of

---

[1] The Court of Appeals noted that petitioner's claim was frivolous, finding that "[t]he indictment and judgment for that conviction reveal that Mr. Stallings burglarized a structure, and burglary of a structure is per se a 'violent felony.'" *Stallings v. United States*, 526 F.3d 624, 626 n.1 (7th Cir. 2008); see § 924(e)(2)(B)(ii).

[2] Petitioner's claim is that one of the offenses used to qualify him under the ACCA was not a valid conviction for enhancement because it was dismissed. A careful review of the record in the criminal case reveals that the District Court specifically determined that it was *not* the dismissed burglary (referred to throughout the record as the "Bailey burglary") that was included as one of his prior offenses under the ACCA, rather the district court determined: "Petitioner's sentence here was enhanced under the ACCA for the Wayne burglary. At his sentencing petitioner argued that the burglary was over 20 years old, that he did not serve more than a year, and that burglary was not a crime of violence in Illinois when he was convicted." *Stallings v. United States*, 06-CV-136-WDS (Doc. 52, n. 1).

[the prisoner's] detention."

*United States v. Prevatte*, 300 F.2d 792, 799 (7th Cir. 2002). If his prior motion under § 2255 afforded him one full and fair opportunity to contest his conviction, then the § 2241 action must be dismissed under § 2255. To meet this standard to warrant review under § 2241, petitioner "must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); see *In re Davenport*, 147 F.3d 605, 611 (7th Cir.1998).

In this case, the petitioner cannot make this showing. The exact issue that he raises now, that he was not eligible under the ACCA was specifically addressed by this Court in his prior habeas petition, *Stallings v. United States*, 06-136-WDS. That habeas petition was determined on appeal to be frivolous. (See 06-136-WDS, Doc. 66). For that reason alone, the Court must dismiss his petition.

Even if it were not subject to dismissal on that basis, to go forward on a § 2241 claim, the petitioner must also show that "his theory supports a non-frivolous claim of actual innocence" *Kramer*, 374 F.3d at 217, which he cannot do in this case. See *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review-and then only when as in *Davenport* the claim being foreclosed is one of actual innocence.")

Here, as this Court previously noted, and, as the petitioner himself has acknowledged, the Court of Appeals has determined this claim with respect to his status as a career offender is a moot argument because even if one burglary was expunged, it does not matter, because he had another qualifying offense under the ACCA, and his sentence was based on that record. See *Stallings v. United States*, 536 F.3d 624 (7th Cir. 2008).

Therefore, the Court **FINDS** that the petition for relief under §2241 must be and is **DISMISSED.**

**IT IS SO ORDERED.**

**DATED: August 9, 2012**

Digitally signed by David R. Herndon
Date: 2012.08.09 15:26:30 -05'00'

**Chief Judge**
**United States District Court**